(24 Misc. Rep. 386.)

STRAUSS v. RUSSELL.

(City Court of New York, General Term.  August 4, 1898.)

FAILURE OF PROOF—SUBMISSION TO JURY.

Under the allegations of a counterclaim in an action, that the defendant delivered promissory notes to the plaintiff for collection and for the return of one-half of the proceeds to the defendant, proof that the defendant delivered notes to the plaintiff to pay an insurance premium, and that the plaintiff agreed to return to the defendant one-half of the amount represented by the notes, constitutes, under Code Civ. Proc. § 541, not a variance, but a complete failure of proof, and the submission of the case to the jury, upon the question presented by these allegations and proofs, constitutes error.

Appeal from trial term.

Action by Ferdinand Strauss against Charles G. Russell.  From a judgment on the verdict of a jury and from an order denying a new trial, plaintiff appeals.  Reversed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Epstein Bros., for appellant.

Charles G. Russell, in pro. per.

CONLAN, J.  This is an appeal from a judgment at the trial term entered on the verdict of a jury, and from an order denying a motion for a new trial.  The complaint sets forth two causes of action. When the evidence was closed, the court directed the jury to find for the plaintiff for the amount of those two causes of action, and to this direction no exception was taken.

The answer pleaded a counterclaim in the following language, namely:

"The defendant, further answering the complaint herein, and for a counterclaim, alleges that on or about the 1st day of January, 1897, this defendant, being indebted to the plaintiff in the sum of six hundred and thirty dollars, turned over and delivered to the plaintiff notes of various persons aggregating in amount the sum of twelve hundred and sixty dollars, under special agreement with said plaintiff to collect the same, and return to this defendant the sum of six hundred and thirty dollars; that the said plaintiff received said notes, and collected the same, and has neglected and refused, and still neglects and refuses, to account to this defendant for the balance collected on said notes,—and demands a judgment in his favor for six hundred and thirty dollars and interest."

Plaintiff replied, denying this counterclaim.

Upon the trial not a particle of evidence was given or offered upon this issue raised by the counterclaim and reply thereto, but the defendant was permitted to introduce evidence in support of entirely different allegations, and without having asked to be allowed to amend his pleading so as to conform to the proof.  For instance, he says that the amount of the notes so given to the plaintiff was the price of a premium or premiums upon a life insurance policy, less a certain amount which he says the plaintiff paid in cash, and that of the balance of the $1,260 the plaintiff was to return him one-half under an agreement so to do.  This is a long way from proving that he intrusted certain notes to the plaintiff for collection, and that the plaintiff was to pay him back a portion of the proceeds of the notes

when collected. The notes, it thus appears, were given, not for collection, but to pay insurance premiums; and any agreement to return a part of the premium was certainly not in line with an allegation that notes had been given for collection, and a part of the proceeds to be returned when collected. But it is said in section 541 of the Code of Civil Procedure that "where, however, the allegation to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance within sections 539 and 540, but a failure of proof"; and we think the submission of the case to the jury upon the question, as presented by the allegations and the proof, was an error. It is not contended but that, if the allegations in the counterclaim had been in line with the evidence adduced, a complete defense would have been presented. We think that the consideration of the question should have been withheld from the jury. Entertaining these views, we are of the opinion that the judgment and order appealed from should be reversed; and, because there was no exception or objection to the ruling of the court in favor of the plaintiff's right to recover upon the causes of action stated in the complaint, the plaintiff should have judgment in his favor for the amount demanded in the complaint, together with interest and costs, besides the costs of this appeal. All concur.